## Dougherty v. Hebble

*Bard & Brown*, for plaintiff.
*E. M. Gilbert* and *Windolph & Mueller*, for defendant.

ATLEE, P. J., March 9, 1934.—In a previous suit brought by Philip Dougherty, the instant plaintiff, against Amos A. Hebble, the instant defendant, to no. 156, August term, 1929, in the Court of Common Pleas of the County of Lancaster, Dougherty, the present plaintiff, sought to recover from Hebble, the present defendant, possession of certain real estate. The former suit was brought in accordance with the provisions of the Act of December 14, 1863, P. L. (1864) 1125, PS §364. As provided by that act, the instant defendant attempted to recover in the prior suit damages against the plaintiff for unlawful dispossession. In the instant action, the plaintiff seeks to recover from the defendant rent for the months of August and September 1929, which the plaintiff alleges was not paid by the defendant, although due by him. The matter immediately before the court is: Was the judgment entered in the prior suit to no. 156, August term, 1929, final and conclusive as to all rights of the parties to the premises in Little Britain Township?

At the trial in the present case, the court directed the jury to return a verdict in favor of the plaintiff for the full amount of the plaintiff's claim of $70, with interest from September 1, 1929, amounting to $18.55, and refused the defendant's point which requested the trial court to direct a verdict in favor of the defendant.

We now are confronted with the question: Did the prior suit render res judicata the present suit? The doctrine of res judicata is a measure of public policy based upon the principle that general welfare recognizes litigation to be not interminable. After careful examination of the record in this case, the instant court is of the opinion that the claim made by the plaintiff in the present suit should have been disposed of in the prior suit to no. 156, August term, 1929. Not only matters which were raised and decided in a prior suit are res judicata in any subsequent suit between the same parties and those in privity with them. The principle applies to matters which could properly have been raised and decided in the former suit: Schenley Farms Co. v. McGovern et al., 312 Pa. 67.

The court therefore makes absolute the rule to show cause why judgment should not be entered for the defendant notwithstanding the verdict in favor of the plaintiff, and now enters judgment for the defendant in the instant action.                    From George Ross Eshleman, Lancaster, Pa.